The Attorney General has received your request for an official opinion where, in effect, you ask the following question: Is Title 68 O.S. 2404.1 [68-2404.1] through 68 O.S. 2404.5 [68-2404.5] (1980), which attempts to exempt from ad valorem taxation for a period of five years, renovations on property over forty years old in special areas designated by the local governing body, constitutional ? The Sections of Title 68 you refer to in your question are essentially as follows: 68 O.S. 2404.1 [68-2404.1] sets out definitions. 68 O.S. 2404.2 [68-2404.2] provides that local governing bodies may designate certain areas within its jurisdiction as "special renovation for preservation areas." 68 O.S. 2404.3 [68-2404.3] provides preferential tax treatment of improvements on structures within the "special areas" and states: "A renovated structure which is located in a special renovation for preservation area or which has been approved by the local governing body as a special renovation for preservation structure, shall be assessed, for a period of five (5) years from the date of completion of the renovation for preservation, by the county assessor at the assessed value of such property just prior to the renovation, plus the value of any repairs, replacements or improvements which do not qualify as renovation f or preservation under this act. The assessed value of the renovated structure shall not increase for the five-year period immediately following the completion of the renovation, except the assessed value of any repairs, replacements or improvements which do not qualify as renovation for preservation under this act." (Emphasis added) 68 O.S. 2404.4 [68-2404.4] delineates the method of application on forms prescribed by the Oklahoma Tax Commission. 68 O.S. 2404.5 [68-2404.5] states: "The assessed valuation of renovated structures of special renovation for preservation areas or which have been approved by the local governing body, as provided in this act, shall not terminate upon the sale or exchange of the property. After the five-year period has run, the renovated structure shall be taxed at its full assessed value, including the value added by the renovation. (Emphasis added) The Okla. Const., Article V, Section 50 provides: "The Legislature shall pass no law exempting any property within this State from taxation, except as otherwise provided in this Constitution." In State v. Dunbar, 51 O.B.J. 259 (1980) at page 268, the Supreme Court states: "Article V, Section 50, Oklahoma Constitution prohibits the Legislature from exempting any property from taxation except as provided in the Constitution . . . . Therefore, since all other property similarly situated is statutorily taxable, any legislative attempt to delay its taxable status would be in conflict with Article V, Section 50, supra." Okla. Const., ArticleX, Section 5 states in part: ". . . Taxes shall be uniform upon the same class of subjects." Okla. Const., Article X, Section 8 as amended in 1972, provides in part: "All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale, . . . . Provided, however, that no real property shall be assessed for ad valorem taxation at a value greater than thirty-five percent (35%) of its fair cash value for the highest and best use for which such property was actually used, . . . ." In Cantrell v. Sanders, Okl., 610 P.2d 227
(1980), the Supreme Court held that all real property is one class of subjects and that the Okla. Const., Article X, Section 5, mandates that it shall be taxed uniformly. Further the Court stated that "all real property must be valued at its use value" noting that prior to the 1972 amendment of Okla. Const., Article X, Section 8
assessments were based on market value. Now, however, all real property must be valued according to its use and assessed the same as other real property similarly classified. Therefore, any statutory attempt to exempt or tax the same class of real property at different rates would be violative of the Okla. Const., Article V, Section 50, Article X, Section 5 and Article X, Section 8 as interpreted by the Oklahoma Supreme Court in State v. Dunbar, supra, and Cantrell v. Sanders, supra. It is, therefore, the official opinion of the Attorney General that in the light of the Okla. Const., Article V, Section50 and Article X, Section 5 and Article X, Section 8 as interpreted by the Oklahoma Supreme Court in Carltrell v. Sanders, Okl., 610 P.2d 227 (1980) and State v. Dunbar, 51 O.B.J. 259 (1980), that the sections, 68 O.S. 2404.1 [68-2404.1], 68 O.S. 2404.2 [68-2404.2], 68 O.S. 2404.3 [68-2404.3], 68 O.S. 2404.4 [68-2404.4] and 68 O.S. 2404.5 [68-2404.5] [68-2404.5] (1980), are unconstitutional as they are in direct conflict with the constitutionally mandated method of valuation of real property. (MICHAEL C. CONAWAY) (ksg)